1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS PETERSEN, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>CJ AMERICA, INC.,<br><br>       Defendants. | Case No. 14-CV-2570 DMS JLB<br><br>**ORDER AWARDING ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD**<br><br>Date:      September 30, 2016<br>Time:     1:30 p.m.<br>Judge:    Hon. Dana M. Sabraw<br>Courtroom:  13A |

ORDER AWARDING ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD
Case No. 14-CV-2570 DMS JLB

1.   This matter came before the Court on Plaintiff's Motion for Award of Attorneys' Fees, Costs, and Incentive Award. By separate order, the Court has determined that the proposed class action settlement reached by the Parties embodied in the Superseding Stipulation of Settlement is fair, reasonable and adequate and is finally approved.

2.   The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005) ("CAFA confers federal diversity jurisdiction over class actions . . . [.]"). In diversity actions, "state law governs both the right to recover attorney's fees and the computation of their amount." *Collado v. Toyota Motor Sales, U.S.A., Inc.*, 550 Fed. Appx. 368, 369 (9th Cir. 2013); *Gezalyan v. BMW of North America, LLC*, 697 F. Supp. 2d 1168, 1169 (C.D. Cal. 2010) (citing *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995). As Plaintiff's claims in this lawsuit are for alleged violations of California's consumer protection statutes, including the Consumers Legal Remedies Act, the False Advertising Law and the Unfair Competition Law, California state law has governed Plaintiff's claims in this action and thus applies to Plaintiff's motion for an award of attorneys' fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").

3.   Since the Court finds that Plaintiff is the prevailing party, has obtained meaningful monetary and injunctive relief for the Class and the public, the Court finds that Finkelstein Thompson LLP and Glancy Prongay & Murray LLP, Class Counsel, are entitled to a fee award in the amount of $375,000.00.

4.   The Court applies the percentage of the fund method for calculating fees to be awarded to Class Counsel. *Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80776, at *43 (E.D. Cal. June 11, 2012) ("California courts employ two methods when calculating a reasonable award of attorneys' fees in common fund actions," either the

1

ORDER AWARDING ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD
Case No. 14-CV-2570 DMS JLB

calculation is based on a percentage of the common fund or it is based on the lodestar method.) Moreover, the Court notes that Plaintiff's request for 25 percent of the Settlement Fund is the benchmark and appropriate here. *See, e.g., Jones v. Bath & Body Works, Inc.*, 2016 U.S. Dist. LEXIS 89681, at *23 (C.D. Cal. July 11, 2016) "California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent and has endorsed the federal benchmark of 25 percent." Additionally, the Court recognizes that a lodestar cross-check further establishes the reasonableness of Plaintiff's requested attorneys' fees. I have reviewed the sworn testimony of Rosemary M. Rivas and Marc L. Godino as to the work conducted by Class Counsel, the hourly rates and the lodestar and find they are reasonable. Here, 25% of the Settlement Fund represents a small multiplier of approximately 1.12 to Class Counsels' collective lodestar of $334,433.75. This is well within the acceptable range of multipliers awarded in complex cases of this type. *See, e.g.,Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-54 (9th Cir. 2002) (upholding a 28% fee award that constituted a 3.65 lodestar multiplier, and noting that the majority of fee awards in the district courts in the Ninth Circuit are 1.5 to 3 times higher than lodestar); *Roberti v. OSI Sys.*, 2015 U.S. Dist. LEXIS 164312, at *20 (C.D. Cal. Dec. 8, 2015) (granting a fee award amounting to approximately a 2.2 multiplier). Therefore, the Court finds that the requested fee award is reasonable.

5.      The Court also finds that the request for reimbursement of expenses in the amount of $3,836.61 is reasonable as mandatory and discretionary costs pursuant to Cal. Civ. Proc. Code § 1033.5 and should be awarded. Accordingly, pursuant to Paragraph 54 of the Superseding Stipulation of Settlement, Class Counsel shall be paid by Defendant through the Settlement Fund a total of $338,270.36 for attorneys' fees and costs.

6.      Furthermore, the Court finds that Plaintiff's request for an Incentive Award of $5,000 is appropriate. The Court has the discretion to award the class representative, Mr. Dennis Petersen, a service payment for work he did on behalf of the Class and the amount Plaintiff requests is within range of what has been approved. *See Rodriguez v.*

2

ORDER AWARDING ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD
Case No. 14-CV-2570 DMS JLB

*West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases."); *see, e.g., Hopson v. Hanesbrands Inc.*, Case No. CV-08-0844 EDL, 2009 WL 928133, *10 (N.D. Cal. Apr. 3, 2009) ("In general, courts have found that $5,000 incentive payments are reasonable."); *Carter v. Anderson Merchandisers, LP*, Case No. EDCV 08-0025-VAP OPX, 2010 WL 1946757, *4 (C.D. Cal. May 11, 2010) ("Given the relatively small size of the proposed [$5,000] recognition payments, the Court thus approves the recognition payments requested for both Carter and Lanasa").

I have reviewed Plaintiff's declaration and find that he should be awarded $5,000 for his efforts.

**IT IS SO ORDERED.**

Dated:  September 30, 2016

Hon. Dana M. Sabraw
United States District Judge

3
ORDER AWARDING ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD
Case No. 14-CV-2570 DMS JLB

338558.1 CJFOODS