1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETERSEN, on behalf of himself and all others similarly situated, | Case No. 3:14-cv-02570-DMS-JLB |
| | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |
| Plaintiff, | |
| v. | Judge:     Hon. Dana M. Sabraw |
| CJ AMERICA, INC., | |
| Defendant. | |

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS

WHEREAS, the Parties have entered into the Superseding Stipulation of Settlement, with its attached exhibits (collectively, the "Agreement"), signed and filed with this Court on February 5, 2016, to settle *Dennis Petersen vs. CJ America, Inc*., Case No. 14-CV-2570 DMS JLB, pending in the United States District Court, Southern District of California, (the "Action").

WHEREAS, by Order dated March 23, 2016, and as amended on March 25, 2016, (the "Preliminary Approval Order"), this Court granted preliminary approval of the proposed class action settlement between the parties in the Action, ordering the dissemination of Class Notice to potential Class Members, and providing potential Class Members with an opportunity either to exclude themselves from the Class or to object to the proposed settlement and issuing related Orders.

WHEREAS, the Court also preliminarily certified a Class, for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a Fairness Hearing to take place on September 30, 2016.  On that date, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing Plaintiff's complaint on the merits and with prejudice in favor of Defendant CJ America, Inc. ("CJ") and the Released Parties and against all persons who are Class Members pursuant and subject to the terms of the Agreement; (3) whether and in what amount to award an Incentive Award to Plaintiff; and (4) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel.

WHEREAS, the Court, having considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and having heard oral presentations by the Parties and all persons who complied with the Preliminary Approval Order, and based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. <u>Use of Capitalized Terms.</u>  Except where otherwise noted, all capitalized terms

1

used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Agreement.

2.    <u>Incorporation of Other Documents</u>. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Agreement, including all amendments and exhibits thereto, and definitions included therein, which was signed and filed with this Court on February 5, 2016; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Class Counsel's request for an award of Attorneys' Fees and Expenses; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action.

3.    <u>Jurisdiction</u>. The Court has personal jurisdiction over the Parties, and because due, adequate, and the best practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Class Members (as defined below and in the Agreement). The Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed Settlement and the Agreement and all exhibits attached thereto, grant final certification of the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, and dismiss the Action on the merits and with prejudice and issue related orders. The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

4.    <u>Final Class Certification For Settlement Purposes Only</u>. The Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a), (b)(3), and (c)(2), the Court finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process.  The Class shall consist of all persons in the United States and United States Territories who purchased at retail one or more of the Subject Products during the Class Period. Specifically excluded from the Class are: (a) CJ its employees, principals, officers,

2

directors, agents, affiliated entities legal representatives, successors and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of re-sale; and (d) all consumers who have filed a timely Request for Exclusion from the Class.  The "Subject Products" at issue in the Settlement are the following products sold by CJ during the Class Period under the Annie Chun's Noodle Bowl, Soup Bowl, and Ramen House Product lines, that were labeled "NO MSG ADDED": Chinese Chicken Soup Bowl, Hot & Sour Soup Bowl, Korean Kimchi Soup Bowl, Miso Soup Bowl, Thai Tom Yum Soup Bowl, Udon Soup Bowl, Vietnamese Pho, Garlic Scallion Noodle Bowl, Korean Sweet Chili Noodle Bowl, Kung Pao Noodle Bowl, Pad Thai Noodle Bowl, Peanut Sesame Noodle Bowl, Teriyaki Noodle Bowl, Soy Ginger Ramen, Spicy Chicken Ramen, and Spring Vegetable Ramen.

5.    <u>Requests for Exclusion</u>.   The Court finds that only those persons listed in Exhibit A to this Order have submitted timely and valid Requests for Exclusion from the Class and are therefore not bound by this Final Order and the accompanying Final Judgment. Class Counsel and Defense Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requests by filing an appropriate notice with the Court.

6.    <u>Adequacy of Representation</u>. The Court designates Plaintiff Dennis Petersen as the representative of the Class, and finds that this Plaintiff has adequately represented the Class for purposes of entering into and implementing the Agreement. The Court appoints the law firms of Glancy Prongay & Murray LLP, and Finkelstein Thompson LLP, as counsel for the Class ("Class Counsel").  For purposes of these settlement approval proceedings only, the Court finds that Glancy Prongay & Murray LLP, and Finkelstein Thompson LLP, are experienced and adequate Class Counsel. Plaintiff and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4), and 23(g).

7.    <u>Class Notice</u>. The Court finds that the dissemination of the Class Notice in

3

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS

accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof:

a.   constituted the best practicable notice to Class Members under the circumstances of the Action;

b.   constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action; (ii) the terms of the proposed Settlement; (iii) their rights under the proposed Settlement; (iv) their right to exclude themselves from the Class and the proposed Settlement; (v) their right to object to any aspect of the proposed Settlement (including, but not limited to, final certification of the Class, the fairness, reasonableness or adequacy of the proposed Settlement, the adequacy of the Class's representation by Plaintiff or Class Counsel and/or the award of attorneys' fees and expenses and representative awards); (vi) their right to appear at the Fairness Hearing—either on their own or through counsel hired at their own expense—if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Final Judgment in this Action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

c.   constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

d.   constituted notice that fully satisfied all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

8.   CAFA Notice. The Court finds that CJ provided notice of the proposed Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety (90) day time period (pursuant to the Class

4

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB

1   Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(d)) to comment or object to

2   the proposed settlement before entering its Orders and Final Judgment and no such

3   objections or comments were received.

4          9.     <u>Final Settlement Approval</u>. The terms and provisions of the Agreement,

5   including any and all amendments and exhibits, have been entered into in good faith and

6   are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the

7   best interests of, each of the Parties and the Class Members, and in full compliance with

8   all applicable requirements of the Federal Rules of Civil Procedure, CAFA, the United

9   States Constitution (including the Due Process Clause), and any other applicable law.

10   The Settlement is approved and all objections to the Settlement are overruled as

11   without merit. The Parties and Class Members are hereby directed to implement and

12   consummate the Agreement in accordance with its terms and provisions. Class Counsel

13   shall take all steps necessary and appropriate to provide Class Members with the benefits

14   to which they are entitled under the terms of the Agreement.

15          The Court finds that the Agreement is fair, adequate and reasonable based on the

16   following factors, among other things:

17          a.     There was no fraud or collusion underlying this Settlement, and it

18   was reached as a result of extensive arm's-length negotiations, occurring over the course

19   of several months and two full-day, in-person mediation sessions before the Honorable

20   Jill Burkhardt, warranting a presumption in favor of approval. *See, e.g., Officers for*

21   *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth*

22   *Headset Prods. Liab. Litig.*, 654 F.3d at 948 (presence of a neutral mediator is a factor

23   weighing in favor of a finding of non-collusiveness).

24          b.     The complexity, expense, and likely duration of the litigation favor

25   settlement—which provides meaningful benefits on a much shorter time frame than

26   otherwise possible—on behalf of the Settlement Class. *See, e.g., Lane v. Facebook,*

27   *Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a

28   settlement where class counsel "reasonably concluded that the immediate benefits

5

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS

represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement. In addition, the parties negotiated the benefits to the class *before* discussing Plaintiff's claim to attorneys' fees. *See In re Apple Deriv. Litig.*, No. 06-4128, 2008 U.S. Dist. LEXIS 108195, at *11-12 (N.D. Cal. Nov. 5, 2008) (parties' negotiations free of collusion because, among other things, the parties negotiated the benefits to the class before discussing attorneys' fees); *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, No. 07-1825, 2012 WL 5462665, at *2-3 (C.D. Cal. Nov. 7, 2012) (same).

        c.    The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiff, who has participated in this litigation and evaluated the proposed settlement, also favor final approval. *See Class Plaintiffs*, 955 F.2d at 1291; *Fernandez v. Victoria Secret Stores, LLC*, No. 06-04149, 2008 WL 8150856, at *7 (C.D. Cal. July 21, 2008); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

        d.    The Settlement provides meaningful relief to the Class, including cash relief, and injunctive relief, and certainly falls within the range of possible recoveries by the Class.

    The Settlement is approved and all objections to the Settlement are overruled as without merit. The Parties and Class Members are hereby directed to implement and consummate the Agree in accordance with its terms and provisions. Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement.

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS

10.   <u>Settlement Consideration</u>.

a.   As described in the Agreement, CJ will pay one million five hundred thousand dollars ($1,500,000.00) to create the Settlement Fund for the benefit of eligible Class Members pursuant to the terms of the Agreement and the Settlement Fund shall be administered and implemented as set forth in the Agreement.

b.   The Residual Fund (if any) shall be distributed *cy près* in the form of a cash donation to Consumers Union.

c.   In addition, CJ will implement the following changes in connection with the Subject Products: CJ shall not order and/or print labels or packaging of the Subject Products bearing the phrase "NO MSG ADDED," and will otherwise not market and/or advertise Subject Products shipped to distributors and/or retail customers after the Effective Date as "NO MSG ADDED."  This Order shall not preclude CJ from making further changes to its product labels that: (a) CJ reasonably believes are necessary to comply with any statute, regulation, or other law of any kind; (b) are necessitated by product and/or ingredient changes, and/or that are necessary to ensure that CJ provides accurate descriptions of its products; or (c) are more detailed than those required by the Agreement.

11.   <u>Binding Effect</u>.  The terms of the Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on the Parties and all Class Members, as well the their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the release set forth in the Agreement.

12.   <u>Release</u>. The following release, which is also set forth in Section VII of the

7

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS

Settlement Agreement, is expressly incorporated herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the release:

a.      Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. In connection with the Released Claims, each Releasing Party shall be deemed as of the Effective Date to have expressly, knowingly, and voluntarily waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule, and legal doctrine similar, comparable, or equivalent to Section 1542, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

b)      In connection with such waiver and relinquishment, the Releasing Parties hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, whether known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Releasing Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Each of the Releasing Parties expressly acknowledges that he/she/it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section. Plaintiff and Class Members are not releasing any claims for personal injuries.  Plaintiff

8

1   acknowledges, and the Class Members shall be deemed by operation of the Final

2   Judgment to have acknowledged, that the foregoing waiver was separately bargained for

3   and a material element of the Settlement of which this release is a part.

4          13.   <u>Permanent Injunction</u>. All Class Members and/or their representatives who

5   have not been timely excluded from the Class are hereby permanently barred and

6   enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in,

7   participating in, continuing or receiving any benefits from, as class members or

8   otherwise, any lawsuit (including putative class actions), arbitration, administrative,

9   regulatory or other proceeding in any jurisdiction that is covered by the Release. All

10   Class Members and all persons in active concert or participation with Class Members are

11   permanently barred and enjoined from organizing or soliciting the participation of any

12   Class Members who did not timely exclude themselves from the Class into a separate

13   class or group for purposes of pursuing a putative class action, any claim or lawsuit in

14   any jurisdiction that is covered by the Release. Pursuant to 28 U.S.C. §§ 1651(a) and

15   2283, the Court finds that issuance of this permanent injunction is necessary and

16   appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

17   Class Members do not waive their right to contact, in any way or for any purpose, any

18   state or federal agency regarding the activities of any party, nor do they waive any right

19   to enjoy any benefits obtained by a state or federal agency.

20          14.   <u>Enforcement of Settlement</u>. Nothing in this Final Order or in the

21   accompanying Final Judgment shall preclude any action to enforce the terms of the

22   Agreement; nor shall anything in this Final Order or in the accompanying Final

23   Judgment preclude Plaintiff or other Class Members from participating in the claims

24   process described in the Agreement if they are entitled to do so under the terms of the

25   Agreement.

26          15.   <u>Attorneys' Fees and Expenses and Plaintiff's Incentive Award</u>. The Court is

27   concurrently issuing a separate Order with respect to Attorneys' Fees and Expenses and

28   the Incentive Award to the representative Plaintiff, entitled Final Order Approving

9

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS

Attorneys' Fees and Expenses and Incentive Award.

16. <u>Modification of Settlement Agreement</u>. The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Agreement and its implementing documents (including all exhibits) without further notice to the Class or approval by the Court if such changes are consistent with this Final Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Class Members under the Agreement.

17. <u>Retention of Jurisdiction</u>. The Court has jurisdiction to enter this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Award, and the accompanying Final Judgment. Without in any way affecting the finality of these Final Orders and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, and of these Final Orders and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation (*see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994)):

  a. enforcing the terms and conditions of the Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Agreement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Award, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are enjoined from pursuing any claims against CJ);

  b. entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Award, the accompanying Final Judgment,

10

and the Agreement (including, without limitation, orders enjoining persons or entities from pursuing any claims against CJ), or dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

        c.     entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Agreement.

18.   <u>No Admissions</u>. Neither this Final Order, the accompanying Final Judgment nor the Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against CJ or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing or liability whatsoever or the propriety of class certification.  CJ continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to CJ's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and the accompanying Final Judgment and the Settlement Agreement; provided, however, that this Final Order, the accompanying Final Judgment and the Settlement Agreement may be filed in any action against or by CJ or Released Parties to support a defense of *res judicata*, collateral estoppel.

19.   <u>Dismissal of Action</u>. The Action (including all individual and Class claims presented therein) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as otherwise provided in this Final Order, the Final Order

11

Approving Attorneys' Fees and Expenses and Incentive Award, and the accompanying Final Judgment, and the Agreement.

20.   <u>Occurrence of Terminating Conditions.</u>   In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Award, and the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

Dated:  September 30, 2016

Hon. Dana M. Sabraw
United States District Judge

---

12

FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
Case No. 14-cv-02570-DMS-JLB
338487.1 CJFOODS