# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS PETERSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CJ AMERICA, INC.,<br><br>Defendant. | Case No. 3:14-cv-02570-DMS-JLB<br><br>**FINAL JUDGMENT**<br><br>Judge:   Hon. Dana M. Sabraw |

IT IS on this 18th day of October, 2016, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 THAT:

1. The Settlement of *Dennis Petersen vs. CJ America, Inc*., Case No. 14-CV-2570 DMS JLB, pending in the United States District Court, Southern District of California (the "Action"), on the terms set forth in the parties' Amended Stipulation of Settlement, with exhibits (collectively, the "Agreement"), and definitions included therein, signed and filed with this Court on February 5, 2016, is finally approved.

2. The following class is granted final certification, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3): all persons in the United States and United States Territories who purchased at retail one or more of the Subject Products during the Class Period. Specifically excluded from the Class are: (a) CJ its employees, principals, officers, directors, agents, affiliated entities legal representatives, successors and assigns; (b) the judges to whom the Action has been or is assigned and any members of their immediate families; (c) those who purchased the Subject Products for the purpose of re-sale; and (d) all persons who have filed a timely Request for Exclusion from the Class.  The "Subject Products" are the following products sold by CJ during the Class Period under the Annie Chun's Noodle Bowl, Soup Bowl, and Ramen House product lines, that were labeled "NO MSG ADDED": Chinese Chicken Soup Bowl, Hot & Sour Soup Bowl, Korean Kimchi Soup Bowl, Miso Soup Bowl, Thai Tom Yum Soup Bowl, Udon Soup Bowl, Vietnamese Pho, Garlic Scallion Noodle Bowl, Korean Sweet Chili Noodle Bowl, Kung Pao Noodle Bowl, Pad Thai Noodle Bowl, Peanut Sesame Noodle Bowl, Teriyaki Noodle Bowl, Soy Ginger Ramen, Spicy Chicken Ramen, and Spring Vegetable Ramen.

3. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the

pendency of the Action, the terms of the Settlement and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

4. Only those persons listed in Exhibit A to this Final Judgment have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and the accompanying Final Order Approving Class Action Settlement.

5. The claims in the Action are dismissed on the merits and with prejudice pursuant to the terms (including the Release) set forth in the Parties' Agreement and in the Court's Final Order Approving Class Action Settlement and Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, without costs to any party except as provided in these Final Orders.

6. Plaintiff and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with Plaintiff or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class are hereby permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class

action on behalf of Plaintiff or Class Members, seeking to certify a class that includes Plaintiff or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

7. Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

8. Class Counsel shall be awarded $375,000.00 in attorneys' fees and $3,836.61 in costs and expenses, which amount is approved as fair and reasonable, in accordance with the terms of the Agreement.

9. Plaintiff Dennis Petersen, shall be awarded $5,000.00 as an Incentive Award in his capacity as a representative Plaintiff in the Action.

10. The Court will retain continuing jurisdiction over the parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of these Final Orders and this Final Judgment, and for any other necessary purpose. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).

Dated: October 18, 2016

*[signature]*
Hon. Dana M. Sabraw
United States District Judge

1
2
3
4
5     **Exhibit A** – List of Persons Who Requested Exclusion
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28